Van Brunt, P. J.
The complaint in this action alleges
a sale and delivery by the plaintiffs to the defendants of certain flour. • The answer denied the sale of the flour and set up that the flour mentioned in the complaint was agreed and warranted by the plaintiffs to be of a good, sound and merchantable quality, and fit for consumption and use for human food; but that the same was unsound in quality, unwholesome and unfit for human food. Evidence was offered upon both sides in reference to the issues thus raised; the plaintiffs claiming a sale of the flour and that it had been accepted by the defendants, and the defendants claiming that there was no sale and that the flour was worthless. One of the plaintiffs was called as a witness on his own behalf and testified in respect to the transactions mentioned in the complaint. One" of the questions involved was as to the relations to the plaintiff of certain persons, who, it is claimed, were the agents of the plaintiffs in reference to this transaction. Upon cross-examination, after the witness had been examined in reference to the shipment of the flour in question, he was asked the • following question: “Please state whether Haines & Schley had previous to June, 1883 (which was the month of the first transaction mentioned in the complaint) sold for your account flour to the defendants and other parties at Savannah ?” To which the witness answered, “Yes, I said that before.” He then asked: “Prior to this sale in suit, June, 1883, had you sold through your agents, Haines & Schley, to the defendants other flour within a short time prior to that?” This question was objected to as irrelevant and incompetent; the objection was overruled and an exception taken. The witness answered, “That I cannot state without the aid of my books.”' “Don’t you know the fact that the defendants had made a claim against your firm for damages growing out of that flour without your books ?” This question was *300 objected to as irrelevant and immaterial; the objection was overruled and an exception taken. The witness answered, “Give me some date to go by; I do not understand the question.” “About the time of the commencemencement of this suit by you against the defendants, do you know the fact that the defendants sued your firm for damages resulting from other sales of flour made within a short time of this through your agents down there?” This was objected to as irrelevant and immaterial; the objection was overruled, on the ground that it was proper to refresh the witness’ memory, and the plaintiffs excepted. The witness answered, “I do; they sued and recovered a verdict against us.”
Thus the defendants were allowed to give evidence in respect to other litigations which had taken place between the defendants and-the plaintiffs, in which the defendants had claimed damages of the plaintiffs in respect to other transactions in flour; and the witness was compelled to state that such litigations had existed, and that they had resulted in a verdict against the plaintiffs.
This evidence tended very materially to the injury of the plaintiffs. It was made to appear thereby that the plaintiffs had in previous instances shipped unsound flour, and, therefore, the jury were probably led to the conclusion that the flour in suit was damaged more easily than would have been the case had this evidence not been before them. The question as to other litigations between these parties was entirely immaterial. It had no bearing upon the issue involved in this suit. The evidence in the other case may have been essentially different from the one at bar; and the jury in the case at bar should not have had before them the result of other litigations which might have prejudiced them against the claim of the plaintiff in this action. It is very evident that the learned judge in the ruling which he made upon this question, had not before his mind, nor was his attention called to this tendency of the evidence. The evidence was admitted upon the theory that it would refresh the witness’ memory in regard to times or dates. The evidence, however, does not seem to have been used for any such purpose, and although that may have been the ground which was stated to the court for the admission of the evidence, it does not seem to have had any bearing in that direction, because the moment that the answer is given which fixes no date, the counsel proceeds to another branch of the examination, and the question of dates is no longer referred to.
Now it cannot-be said that evidence of this character may not have tended to the injury of the plaintiffs. Juries are very apt to be influenced by that which other juries have *301 done in analogous cases, and they may very well have gotten the impression that the relations between the parties in reference to the other transaction were the same as were disclosed by the evidence in the case at bar. It is clear that the jury had no right whatever to consider what had been the result of litigations between these parties as to other flour, they not having heard the evidence and not knowing the circumstances which governed the other jury in coming to the conclusion which they did. The jury in the case at bar had only the right to consider the proofs and circumstances of the particular case before them, and find their verdict thereon uninfluenced by what other juries had done in other cases, as to the proofs and circumstances in which we have no knowledge.
As we cannot say that this evidence did not tend to injure the plaintiffs, but on the contrary, are of the opinion that it tended very seriously to operate to their disadvantage, the judgment and order appealed from must necessarily be reversed and a new trial ordered, with costs to the appellant to abide the event.
Barlett, J., concurs.